SCHWARTZ, Chief Judge
(dissenting).
I would reverse with directions to enter summary judgment for the lessee, Tire Kingdom, because there is concededly no question *1007 that the premises had not been made tenant-able by the landlord within 180 days after they had been rendered untenantable by Andrew. Paragraph fifteen, the force majeure clause of the lease, specifically provides that when this is the case, either party has the option of cancelling the lease. Contrary to the landlord’s primary argument, that paragraph eight,[1] which deals with an entirely different question, provides that the tenant bears the responsibility of maintaining the tenantability of the premises during the ordinary course of the lease does not matter. The “issue” upon which the court fixes— whether the premises were restored by the landlord to the same condition as when they were leased — is contractually immaterial.

. Maintenance and Repair. Tenant shall at all times, and at Tenant's expense, maintain the Premises in a clean, orderly, tenantable and sanitary condition....